UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES C. JAMES, | No. 13-cv-0886 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| D. ARTIS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the Second Amended Complaint (SAC) filed December 30, 2013 (ECF No. 21), which was ordered served on defendants Ramirez and Tucker. (ECF No. 23.) Plaintiff alleges that defendants violated his rights under the Eighth Amendment by denying him outdoor exercise for a period of forty-five days in 2012.

Before the court is defendants' June 13, 2014 motion to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 30.) Plaintiff has filed an opposition (ECF No. 33), and defendants have filed a reply (ECF No. 34). Having carefully considered the record and the applicable law, the undersigned will recommend that defendants' motion be granted in part and denied in part.

////

II. Standards for a Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In ruling on a motion to dismiss, the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing Co., Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (on Rule 12(b)(6) motion, court is "not required to accept

2

1  as true conclusory allegations which are contradicted by documents referred to in the complaint.")
2  The court may also consider facts which may be judicially noticed, Mullis v. United States
3  Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including
4  pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798
5  F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of
6  factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

III. The SAC

Plaintiff alleges that in December 2010, he was admitted to the California Medical Facility due to severe medical conditions including Valley Fever, hepatitis C, a variant of ALS (Lou Gehrig's disease) and related complications. (SAC ¶ 19.) He was housed in the G-1 unit, or the "general acute hospital and treatment center." (Id., ¶¶19-20.) During admission to the unit, he signed a document outlining patient rules and information which "included the right to outdoor exercise between the hours of 0900 and 1100."[1] (Id., ¶20.)

Defendants Tucker and Ramirez were Correctional Officers working in the G-1 unit. (Id., ¶¶ 7-8.) At the end of May 2012, Tucker informed plaintiff that outdoor exercise would no longer be allowed because another inmate had filed a grievance complaining that there were no medical personnel present during outside yard in case of emergencies. (Id., ¶¶ 21-22.) Tucker told plaintiff he had been ordered by the G-1 sergeant to "suspend yard until the matter was resolved." (Id., ¶ 24.)

When plaintiff asked defendant Ramirez about the suspension of outdoor time, Ramirez stated: "Well this is what happens when people file complaints without thinking of the consequences." (Id., ¶ 27.) When plaintiff stated that he hadn't filed the complaint and wasn't responsible for what other people did, Ramirez suggested that plaintiff talk to the inmate who

---

[1] Defendants attach a copy of the "the Inmate-Patient Rules that governed the General Acute Care Hospital/Correctional Treatment Center, Unit G-1, between May 2012 and July 2012." (ECF No. 30-2 at 2.) See Branch, 14 F.3d at 454. The Rules provide that G-1 inmates may use the yard between 0900 and 1100 hours every day with written approval by their Primary Care Provider, "unless there is an institutional lockdown or other emergency." (ECF No. 30-2 at 5-6.) In addition, the Rules provide G-1 inmates three hours a day of "unlock hours," to be spent out-of-cell in the television room, day room, shower, or off the unit. (Id. at 6.)

filed the grievance. (Id., ¶ 29.) Tucker and Ramirez, along with two "John Doe" defendants, were "responsible for allowing plaintiff to have outdoor yard exercise." (Id., ¶ 30.) Plaintiff alleges he was denied outside exercise for approximately forty-five days. (Id., ¶ 1.)

Tucker and Ramirez also suspended plaintiff's out-of-cell program time for an unspecified period, depriving plaintiff of dayroom activity and programming. (Id., ¶¶ 32-33.) As a result of the lack of outdoor and dayroom time, plaintiff's physical condition deteriorated, and he became "stressed and depressed." (Id., ¶ 35.)

IV.  Legal Standard

Outdoor exercise is a basic human need protected by the Eighth Amendment, and the denial of outdoor exercise may violate the Constitution, depending on the circumstances. Richardson v. Runnels, 594 F.3d 666 (9th Cir. 2010); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010). In determining whether a deprivation of outdoor exercise is sufficiently serious, the court must consider the circumstances, nature, and duration of the deprivation. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). In Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000), the Ninth Circuit found that plaintiff's claim that he was denied all outdoor exercise for six and a half weeks met the objective requirement for an Eighth Amendment claim. See also id. at 1133 n. 15 ("the clear implication . . . is that temporary denials of outdoor exercise must have adverse medical effects to meet the Eighth Amendment test, while long-term deprivations are substantial regardless of effects.").

V.  Analysis

Defendants argue that the SAC fails to allege that Tucker or Ramirez knew of and disregarded a substantial risk of harm to plaintiff in violation of the Eighth Amendment.

First, plaintiff's allegation that he was denied outdoor exercise for 45 days meets the objective requirement for an Eighth Amendment claim. See Lopez, 203 F.3d at 1132-33. As it constitutes "long term" denial of exercise, plaintiff need not allege an adverse medical effect. See id.; Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010) (six-week prohibition on outdoor exercise is "sufficiently serious" to support constitutional claim).

////

1      Turning to the subjective requirement, the next question is whether the risk to plaintiff
2 was sufficiently "obvious" to prison officials that they must have been aware of the severity of
3 the deprivation. Thomas, 611 F.3d at 1151. In Thomas, the Ninth Circuit concluded that prison
4 officials were aware as a matter of law "of the potential consequences of depriving an inmate of
5 out-of-cell exercise for an extended period of time." Id. Defendants assert that, even while yard
6 time was suspended, plaintiff had ample opportunity to exercise indoors. In support, they cite the
7 Rules providing for G-1 inmates to spend three hours per day out of their cells in common areas,
8 in addition to yard time. See fn. 1, supra. However, plaintiff alleges that he was denied both yard
9 time and "dayroom time" for an extended period. (SAC, ¶¶ 32-34.) Construing the complaint in
10 the light most favorable to plaintiff, the reasoning in Thomas applies here as well.

11     Third, the court considers whether prison officials acted "reasonably" in depriving
12 plaintiff of outdoor exercise for an extended length of time. 611 F.3d at 1153. As to this fact-
13 specific inquiry, defendants argue that they were following orders to suspend yard time pending
14 investigation of an inmate grievance[2], and the suspension was a good-faith "safety precaution."
15 (ECF No. 30-1 at 6.) On summary judgment, the record may bear this out. See Thomas, 611
16 F.3d at 115 (factors to consider on "reasonableness" prong include "the serious risk to [plaintiff's]
17 mental and physical health; . . . and the prison authorities' failure to consider providing him with
18 alternative opportunities to exercise."). However, the court cannot conclude as much on a Rule
19 12(b)(6) motion challenging the sufficiency of the complaint. The same goes for defendants'
20 argument that, even while yard time was suspended, plaintiff was provided "significant periods of
21 out-of-cell time in which to adequately ambulate and exercise." (ECF No. 30-1 at 6.) Plaintiff's
22 allegations of an Eighth Amendment violation are sufficient to survive the pleading stage.

23     Insofar as plaintiff asserts an equal protection violation under the Fourteenth Amendment,
24 the undersigned finds that he fails to state a cognizable claim on this basis, as his allegations do

---

[2] In the SAC, defendant Tucker allegedly told plaintiff that he was following the orders of the G-1 Sergeant in suspending yard time. (SAC, ¶ 24.) Plaintiff names the G-1 Sergeant as defendant John Doe #1, but inmate civil rights actions typically do not proceed against "John Doe" defendants. If plaintiff learns the name of this defendant in discovery and is diligent in seeking to file an amended complaint naming this defendant, leave to amend may be appropriate.

1  not show that defendants intentionally discriminated against him based on his membership in a
2  protected class.  See Washington v. Davis, 426 U.S. 229, 239–42 (1976).

3  Finally, defendants assert that they are entitled to qualified immunity.  Government
4  officials enjoy qualified immunity from civil damages unless their conduct violates clearly
5  established statutory or constitutional rights.  Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001)
6  (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  When a court is presented with a
7  qualified immunity defense, the central questions for the court are: (1) whether the facts alleged,
8  taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct
9  violated a statutory or constitutional right; and (2) whether the right at issue was "clearly
10 established."  Saucier v. Katz, 533 U.S. 194, 201 (2001).

11 Here, viewing the allegations in the light most favorable to plaintiff, defendants' conduct
12 violated his constitutional right to outdoor exercise by suspending yard time for forty-five days
13 without providing him alternative opportunities to exercise.  Moreover, the basic right to outdoor
14 exercise has been established for many years.  Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir.
15 2005); Lopez, 203 F.3d at 1133; May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997); Allen v.
16 Sakai, 48 F.3d 1082, 1087 (9th Cir.1995); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993).
17 Plaintiff does not allege he was denied outdoor exercise due to a riot or other emergency situation
18 under which prison officials might reasonably but mistakenly believe they were acting lawfully.
19 See Noble v. Adams, 646 F.3d 1138, 1143 (9th Cir. 2011); Norwood v. Vance, 591 F.3d 1062,
20 1070 (9th Cir. 2010).   Nor is it clear from the allegations why a forty-five day suspension of
21 outdoor exercise for all inmates housed in the G-1 unit, pending investigation of an inmate
22 grievance, would be considered reasonable.  Defendants may renew their qualified immunity
23 defense on summary judgment.

24 Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to
25 this action.

26 IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 30) be
27 GRANTED as to plaintiff's equal protection claims and DENIED as to plaintiff's Eighth
28 Amendment outdoor exercise claims against defendants Tucker and Ramirez.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 26, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jame0886.mtd